UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| THE PRC GROUP, | : | |
| Plaintiff, | : | Civil No. 04-4693 |
| v. | : | MEMORANDUM & ORDER |
| KARL J. INDIVERO, et al., | : | |
| Defendants. | : | |

This matter comes before the Court on Defendant Epic, Inc.'s Motion to Dismiss Plaintiff's Complaint. Defendants Titan Stone Inc., Joseph Indivero, and Karl Indivero have joined Defendant Epic's motion. The Court has decided this motion after considering the parties' written submissions and without oral argument pursuant to Fed. R. Civ. P. 78. For the following reasons, Defendants' motion is denied.

Plaintiff brings this action pursuant to the Racketeer Influenced and Corrupt Organizations Act 18 U.S.C. § 1961 *et seq.* ("RICO"), the New Jersey RICO Act, N.J.S.A. 2C:41 *et seq.*, the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.* ("CFA"), common law fraud, breach of contract, and civil conspiracy. In the present motion, Defendants first argue that Plaintiff has failed to plead its allegations of fraud with particularity, as required by Fed. R. Civ. P. 9(b). Under Rule 9(b), "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." This rule is intended to "to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants

against spurious charges of immoral and fraudulent behavior." Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984). According to the Third Circuit, allegations of the "date, place or time" of the alleged misrepresentation fulfill these functions, but "[p]laintiffs are free to use alternative means of injecting precision and some measure of substantiation into their allegations of fraud." Id. In the present case, Plaintiff's Complaint has sufficient particularity to put Defendants on notice of the precise misconduct with which they are charged.

Defendants additionally argue that the allegations of the Complaint cannot satisfy RICO's requirement to demonstrate causation, continuity, the predicate acts of mail and bank fraud, and the existence of an enterprise separate and apart from the Defendants. However, the arguments made by Defendants cannot overcome the liberal motion to dismiss standard, are more appropriately made in a summary judgment motion, and nonetheless appear to possess factual disputes that counsel against converting this motion to a summary judgment motion at this time.

For the foregoing reasons, and for good cause shown;

IT IS THEREFORE on this 24th day of June 2005,

ORDERED that Defendants' Motion to Dismiss [12-1] is DENIED.

                                                          s/Anne E. Thompson
                                                         ANNE E. THOMPSON, U.S.D.J.